```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

ANTHONY D. WILSON, on behalf  )
of himself and as parental    )
guardian and best friend of   )
C.W., a minor child, and      )   Civil Case No. 14-CV-454-JMH
C.W., a minor child,          )
                              )
    Plaintiffs,              )
                              )   **MEMORANDUM OPINION AND ORDER**
v.                            )
                              )
BOARD OF EDUCATION OF FAYETTE )
COUNTY, et al.,               )
                              )
    DefendantS.              )

                                                                ***

The Court has reviewed the Complaint [DE 1-1] filed by Anthony D. Wilson on his own behalf and in his role as parental guardian and best friend of C.W., a minor child, as well as Defendants' Motion for an Order Holding this Matter in Abeyance and Requiring Entry of an Appearance of Counsel on Behalf of the Minor Plaintiff [DE 4]. The Court also notes that Anthony D. Wilson has filed an *Ex Parte* Motion for Restraining Order and to Set Hearing Date for Preliminary Injunction Hearing [DE 3].

As an initial matter, the Court can discern from the Complaint no averment of a right which has been denied to Anthony D. Wilson. Rather, the Complaint avers that C.W., not Wilson, was denied enrollment at a particular elementary school

in violation of her rights under the Constitutions of the United States and the Commonwealth of Kentucky.

Next, the Court finds merit in Defendants' Motion to hold this matter in abeyance. Wilson has explained that he is not authorized to practice law in Kentucky at this time and that he is undertaking these proceedings on his own behalf and on behalf of his daughter, as her next friend, exclusively in a *pro se* capacity. [DE 2]. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," but that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self a person may not appear on another person's behalf in the other's cause.")). Thus, "parents cannot appear pro se on behalf of their minor children because a minor's cause of action is her own and does not belong to her parent or representative." *Id.* at 970-71 (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *see also Taylor v. Barlow*, 378 S.W.3d 322, 326 (Ky. Ct. App. 2012) (holding that sole exception to licensure requirement for appearing in Kentucky state court as an officer of the court is made for one who is acting on his own behalf).

2

The Court concludes that it would be inappropriate to consider any request for relief by means of a request for temporary restraining order or preliminary injunction if, in fact, Wilson cannot represent his child's interests in that proceeding *pro se*.  Thus, the Court concludes that it is appropriate to hold further consideration of the *Ex Parte* Motion for Restraining Order and to Set Hearing Date for Preliminary Injunction Hearing [DE 3] in abeyance at this time until its show cause order, set forth below, is discharged or otherwise finally resolved.

Finally, the Court notes that the *Ex Parte* Motion for Restraining Order and to Set Hearing Date for Preliminary Injunction Hearing [DE 3] is inappropriately styled "ex parte," as the Court can see no reason for that matter to remain under seal and out of the view and knowledge of Defendants.

Accordingly, **IT IS ORDERED**:

(1) That Anthony D. Wilson, pro se and on his own behalf, shall **SHOW CAUSE** within **twenty-one (21) days** of entry of this order why this matter should not be dismissed as to him, in his individual capacity, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

(2) That Defendants' Motion for an Order Holding this Matter in Abeyance and Requiring Entry of an Appearance of Counsel on Behalf of the Minor Plaintiff [DE 4] is **GRANTED**;

3

(3)  That Anthony D. Wilson, "as parental guardian and best friend of C.W., a minor child," shall have **thirty (30) days** from entry of this order to **OBTAIN COUNSEL** and for counsel to make an entry of appearance on behalf of C.W.  Failure to have counsel enter his or her appearance will result in the dismissal of C.W.'s claims in this matter without prejudice for failure to prosecute.

(4)  That any further consideration of the *Ex Parte* Motion for Restraining Order and to Set Hearing Date for Preliminary Injunction Hearing [DE 3] is held in abeyance until such time as the matter set forth in paragraph 2, above, is finally resolved.

(5)  That the Clerk shall note that the *Ex Parte* Motion for Restraining Order and to Set Hearing Date for Preliminary Injunction Hearing [DE 3] is inappropriately styled "ex parte" and shall remove the seal therefrom, making that filing part of the public record in this matter.

This the 24th day of December, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4