UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ANTHONY D. WILSON, on behalf of himself and as guardian and best friend of C.W., a minor child, <br><br> and <br><br> C.W., a minor, <br><br>     Plaintiffs, <br><br> v. <br><br><br> BOARD OF EDUCATION OF FAYETTE COUNTY, <br><br> and <br><br> TOM SHELTON, in his official capacity as Superintendent Of Fayette County Public Schools. <br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Action No. 5:14-cv-454-JMH

**MEMORANDUM ORDER AND OPINION**

**      **      **      **      **

Plaintiffs allege that Defendants have wrongfully denied C.W. enrollment in Veterans Park Elementary, her neighborhood school, and rather, enrolled her in Southern Elementary, a school that is less desirable and farther from her home. The matter is before the Court upon several motions filed by Plaintiffs, as well as Defendants' motion for a more definite statement with respect to Plaintiffs' complaint. The Court has

reviewed the record and applicable law and, being sufficiently advised, will now issue a ruling on each motion.

**A.   Plaintiffs' Motions to Remand**

As an initial matter, the Court turns to Plaintiffs' motions to remand, [DE 10, 16].  Plaintiffs raise two grounds for remand, which the Court will address in turn.  First, Plaintiffs argue that the unanimity required by 28 U.S.C. § 1446(b)(2)(A) is not satisfied.  Specifically, Defendants argue that Tom Shelton could not have agreed to removal because the matter was removed to federal court on December 19, 2014, and Shelton was not properly served until December 29, 2014. Plaintiffs sued Shelton in his official capacity as Superintendent of Fayette County Public Schools, however. "Official capacity" suits have the effect of making the agency the real party in interest rather than the individual named. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166.  Plaintiffs' intent to sue Shelton solely in his official capacity is reflected further by the "motion to substitute party" in which they seek to remove Shelton from this case and substitute Marlene Helm, the current Superintendent of Fayette

2

County Public Schools. Accordingly, despite the timing of Shelton's service, the unanimity requirement is satisfied.

Plaintiffs also contend that this matter should be remanded in light of 28 U.S.C. § 1447(d)'s requirement that, after the filing of a notice of removal, the defendants must "promptly" file a copy of the notice with the clerk of the state court. Defendants do not dispute that they failed to file their notice of removal with the state court clerk at the time of removal. Rather, apparently due to an oversight, they waited until January 22, 2015—34 days after the case was removed. The question is, then, whether the notice to the state court may be characterized as prompt. In *Lang v. Mattison*, No. 6:13-cv-38, 2013 WL 2103145, at *2–3 (E.D. Ky. May 14, 2013), the court determined that a 33-day lapse was acceptable. As in *Lang*, it would have been preferable had the defendants notified the state court upon filing the notice of removal in federal court. The defect does not require remand, however, because the defendants did eventually notify the state court of removal and there is no indication that any activity took place in the Fayette Circuit Court during the delay. Accordingly, any concurrent jurisdiction did not affect the case and no prejudice has resulted. Plaintiffs' motions to remand will be denied.

**B.   Defendants' Motion for a More Definite Statement and Plaintiffs' Motion to Amend the Complaint**

Next, the Court turns to the Defendants' motion for a more definite statement with respect to Plaintiffs' complaint. Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such motions are generally disfavored, *see, e.g., Static Control Components, Inc. v. Lexmark Int'l, Inc.*, No. 04-cv-84, 2005 WL 2122641, *1 (E.D. Ky. Aug. 29, 2005), and will be granted only "when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed." *SKY Tech. Partners, LLC v. Midwest Res. Inst.*, 125 F. Supp. 286, 298 (S.D. Ohio 2000).

To be sure, Plaintiffs' complaint is far from a model of clarity. Nor can it be said to contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Plaintiffs include a significant amount of background information, the complaint lacks specificity when it comes to describing legal claims.[1] The

---

[1] The exception is Count II, in which Plaintiffs adequately allege a claim that Defendants have violated Plaintiffs' rights to travel, to utilize public land, and to associate freely, under the Kentucky and United States Constitutions, as well as K.R.S. § 511.090.

complaint, in its original state, is so vague that Defendants
would not be able to formulate an answer without speculating or
attempting to articulate Plaintiffs' claims for them.  Following
removal of this matter, however, Plaintiffs moved to amend the
original complaint, seeking to clarify that their claims are
brought pursuant to 42 U.S.C. § 1983 and "the Equal Protection
Clause of the Fourteenth Amendment."   The Court is of the
opinion that, at this early stage of litigation, amendment
should be permitted and that the amendment enables the
Defendants to meaningfully respond to the Complaint.

C.   **Motion for a Temporary Restraining Order and a Hearing**

Plaintiffs move for a temporary restraining order and for a
hearing on a preliminary injunction in this matter, [DE 3].
Pursuant to Federal Rule of Civil Procedure 65(b), the Court may
issue a temporary restraining order only if "specific facts in
an affidavit or a verified complaint clearly show that immediate
and irreparable injury, loss, or damage will result to the
movant before the adverse party can be heard in opposition."
Irreparable harm is generally defined as harm that cannot be
fully compensated by monetary damages.   *See Overstreet v.*
*Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 578 (6th Cir.
2002).   C.W. is not enrolled in Veterans Park Elementary at this
time, as Plaintiffs desire, but she is enrolled at Southern

5

Elementary School, another school within the Fayette County school system. Plaintiffs contend that Veterans Park is consistently ranked as one of the best schools in the state, while Southern Elementary struggles to be "proficient." Regardless, C.W.'s enrollment in school at Southern rather than Veterans Park hardly constitutes irreparable harm. There is no suggestion that the child is being denied access to regular school attendance or to participation in regular school activities. Accordingly, the motion for a temporary restraining order will be denied.

Although Federal Rule of Civil Procedure 65 requires that a hearing be conducted prior to the issuance of a preliminary injunction, *Sec. & Exch. Comm'n v. G. Weeks Secs. Inc.,* 678 F.2d 649, 651 (6th Cir. 1982), preliminary injunctions may be denied without a hearing despite the request for one, when the record demonstrates "the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless." 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2949 (2010); *see Farnsworth v. Nationstar Mortgage, LLC,* 569 F. App'x 421, 427 (6th Cir. 2014). A specific finding of irreparable injury is a prerequisite that the court must examine when ruling upon a motion for a preliminary injunction. *See Los Angeles v. Lyons,*

461 U.S. 95, 111 (1983); *Warner v. Central Trust Co., N.A.,* 715 F.2d 1121 (6th Cir. 1983). An absence of this finding ends the Court's inquiry.

As explained above, Plaintiffs' assertion that Southern Elementary is an inferior school, taken as true, fails to constitute an irreparable harm. There is no suggestion that C.W. has been denied the opportunity to attend school or to participate in school activities and, thus, no immediate, potentially incompensable harm has been alleged. Plaintiff appears to assert an additional claim that Defendants have somehow violated Plaintiffs' lawfully protected right to "choose modes and direction of travel" and to "utilize public parks and spaces/lands open to the public." The Court presumes that Plaintiffs refer to the Defendants' denial of Plaintiffs' proposal that C.W. be permitted to attend Veterans Park Elementary by taking a footpath that would cut through Veterans Park. Defendants' enrollment of C.W. at a particular school, of course, does not constitute a restriction on C.W.'s ability to choose modes of travel or to utilize the park. Accordingly, this claim has little success of chance on the merits and a preliminary injunction is not appropriate. *See Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000)

7

("[A] finding that there is simply no likelihood of success on the merits is usually fatal.").

### D.   Motion to Substitute Party

Plaintiffs move to substitute Marlene Helm, in her official capacity as Acting Superintendent of Fayette County Public Schools for original Defendant Tom Shelton.  Plaintiffs contend that Helm officially took over this position on January 1, 2015. Pursuant to Federal Rule of Civil Procedure 25(d), a public officer's successor is automatically substituted as a party and later proceedings should be in the substituted party's name. Accordingly, while it was not necessary for Plaintiffs to make a motion to substitute, the motion will be granted.

### E.   Motion for Entry of Default

Finally, Plaintiffs' motion for entry of default will be denied.  This action has been held in abeyance and Defendants have not been required to file an answer to Plaintiffs' complaint up until this point.  The time for Defendants to answer Plaintiffs' complaint shall commence running upon the entry of this Order.

Accordingly, **IT IS HEREBY ORDERED:**

(1) that Defendants' motions to remand, [DE 10, 16] are **DENIED;**

(2)  that Plaintiffs' motion to amend complaint, [DE 12], is **GRANTED;**

(3)  that Defendants' motion for a more definite statement is **DENIED;**

(4)  that Plaintiffs' motion for a restraining order and to set a date for a preliminary injunction hearing, [DE 3], is **DENIED;**

(5)  that Plaintiffs' motion to withdraw motion for extension of time, [DE 9], is **GRANTED** to the extent that the motion for an extension of time, [DE 6], is **DENIED AS MOOT;**

(6)  that Plaintiffs' motion to lift abeyance, [DE 11, 15], is **GRANTED;**

(7)  that Plaintiffs' motion to substitute party, [DE 13], is **GRANTED** and the Clerk shall terminate Tom Shelton as a Defendant in this matter and add Marlene Helm in her Official Capacity as Acting Superintendent of Fayette County Public Schools**;**

(8)  that Plaintiffs' application for entry of default, [DE 25], is **DENIED.**

This the 16th day of July, 2015.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge